■ ELIE TAHARI, Individually and as Trustee of the ELIE TAHARI 2003 GRANTOR RETAINED ANNUITY TRUST, Appellant-Respondent, v ANDREW ROSEN et al., Respondents, and FAST RETAILING Co., LTD., Respondent-Appellant, et al., Defendants. [868 NYS2d 890]

No opinion. Order filed. Concur—Tom, J.P., Gonzalez, Nardelli, Moskowitz and Renwick, JJ.

■ RACEPOINT PARTNERS, LLC, et al., Respondents, v JPMORGAN CHASE BANK, N.A., Appellant. [869 NYS2d 489]—

After the December 2, 2001 bankruptcy filing by Enron

Corporation, plaintiffs purchased certain notes issued by Enron. In this action, plaintiffs assert breach of contract and fiduciary duty claims against JPMorgan Chase Bank, N.A., which had served as indenture trustee for the notes. Plaintiffs' claims, which allege acts or omissions by JPMorgan occurring before plaintiffs purchased the notes, are predicated on section 4.02 of the indenture agreement. In relevant part, section 4.02 required Enron to "file with the Trustee, within 15 days after it files the same with the SEC, copies of its annual reports and of the information, documents and other reports . . . which [Enron] is required to file with the SEC pursuant to Section 13 or 15 (d) of the [Securities] Exchange Act [of 1934, as amended]."

When read in light of the entire indenture agreement and, in particular, the provision of section 4.02 stating that the "[d]elivery of such reports, information and documents to the Trustee is for information purposes only," section 4.02 merely required Enron to file with the indenture trustee copies of the information, documents and other reports it filed with the Securities and Exchange Commission. Thus, contrary to plaintiffs' contentions, section 4.02 did not require Enron to file with the indenture trustee financial statements the contents of which comply with federal securities law. Because there was neither a default by Enron nor an event of default under the indenture agreement, the breach of contract cause of action must be dismissed. As plaintiffs concede, the dismissal of the contract cause of action is fatal to the breach of fiduciary duty cause of action. Concur—Friedman, J.P., McGuire, Acosta, DeGrasse and Freedman, JJ.